UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 6:03-cr-00529-GRA |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Sandy A. Mickens, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant's *pro se* Petition for Writ of Error Coram Nobis. (ECF No. 46.) Defendant seeks a sentence "reversal" on grounds that the district court lacked jurisdiction over him when it sentenced him. For the reasons stated below, Defendant's Petition is DISMISSED.

## Background

On October 1, 2003, Defendant pled guilty to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (*See* Plea, ECF No. 30; Indictment, ECF No. 9.) On February 24, 2004, this Court sentenced Defendant to 120 months imprisonment. Defendant appealed his conviction and sentence. (Notice of Appeal, ECF No. 35.) The Fourth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. Mickens*, 112 F. App'x 901 (4th Cir. 2004) (unpublished) (per curiam). Defendant filed this Petition on March 10, 2011.

The Court issued an order on March 22, 2011, informing Defendant that it would construe his Petition as one under 28 U.S.C. § 2255 unless Defendant objected to that construction within twenty days of the order being filed. Noting that the order was being returned as undeliverable, the Court allowed Defendant additional time to respond. On April 27, 2011, Defendant objected to his Petition being treated as a § 2255. Additionally, Defendant filed a Motion to Take Judicia[l] Notice. As such, this Court reviews this Petition as one for Writ of Error Coram Nobis.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction requirement means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999),

construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Defendant makes three claims in his Petition for Writ of Error Coram Nobis: 1) that his Fifth Amendment rights were violated; 2) that the Court lacked jurisdiction because the "indictment failed to State or Charge an Offense Against the 'LAW of the LAND' [sic]"; and 3) that he received ineffective assistance of counsel because his attorney failed to raise these issues. (Mot. 2, ECF No. 46.)

Defendant presents his claims as a writ of error coram nobis pursuant to 28 U.S.C. § 1651 (2006). A writ of coram nobis is an "extraordinary remedy" that can be granted only when an "error of the most fundamental character" has occurred, and no other remedy is available. *United States v. Mandel*, 862 F.2d 1067,1075 (4th Cir. 1988) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)). The Supreme Court has observed that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks and brackets omitted). Furthermore, a writ of error coram nobis is available only when the Defendant is not in custody. *See In re Fiorani*, 396 F. App'x 924 (4th Cir. 2010) (unpublished) (per curiam) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)); *United States v. Smith*, 77 F. App'x 180 (4th Cir. 2003)

(unpublished) (per curiam) (citing *United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001)).

Defendant is still in custody. Therefore, he is not entitled to the extraordinary relief of a writ of error coram nobis. Accordingly, Defendant's Petition is dismissed.

Defendant also filed a Motion to Take Judicial Notice. Because he failed to provide the necessary information in support of his request, the Motion is denied.

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) Defendant's Petition for Writ of Error Coram Nobis (ECF No. 46) is DISMISSED, and

(2) Defendant's Motion to Take Judicial Notice (ECF No. 54) is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May 13, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**